

JS-6

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JACQUELINE RENE GRANT,

               Plaintiff,

    vs.

DAVID GOLD, et al.,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 08-859-JSL (OP)

ORDER RE: DISMISSAL OF CIVIL
RIGHTS ACTION FOR FAILURE TO
PROSECUTE

## I.

## PROCEEDINGS

On February 20, 2008, Jacqueline Rene Gold ("Plaintiff"), filed a <u>pro se</u> Civil Rights Complaint pursuant to 42 U.S.C. § 1983, after being granted leave to proceed <u>in forma pauperis</u>. On March 13, 2008, the Court dismissed the Complaint with leave to amend. On April 11, 2008, Plaintiff filed a <u>pro se</u> First Amended Complaint pursuant to 42 U.S.C. § 1983 ("FAC"). On April 18, 2008, the Court dismissed the FAC with leave to amend, allowing Plaintiff thirty days to file a Second Amended Complaint ("SAC"). In the Order dismissing the FAC with leave to amend, the Court cautioned Plaintiff that "[f]ailure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a

1

1 │ recommendation that the action be dismissed."

2 │     On June 5, 2008, after Plaintiff failed to file the SAC, the Court issued an
3 │ Order to Show Cause why the case should not be dismissed for failure to prosecute.
4 │ The Court again cautioned Plaintiff that the "failure to file a First [sic] Amended
5 │ Complaint by June 30, 2008, shall result in the Court recommending that this action
6 │ be dismissed." Plaintiff has not has not filed a response to the OSC, has not filed the
7 │ SAC, has not requested an extension of time to do so, and has not otherwise
8 │ communicated with the Court.

9 │     For the reasons set forth below, the Court dismisses without prejudice the First
10 │ Amended Complaint for failure to prosecute.

## II.

## DISCUSSION

13 │     It is well established that a district court has authority to dismiss a plaintiff's
14 │ action because of his or her failure to prosecute or to comply with court orders. <u>See</u>
15 │ Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct.
16 │ 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of
17 │ prosecution is necessary to prevent undue delays in the disposition of pending cases
18 │ and to avoid congestion in the calendars of the district courts); <u>Ferdik v. Bonzelet</u>,
19 │ 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an
20 │ action for failure to comply with any order of the court).

21 │     In <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the
22 │ following factors as relevant to the district court's determination of whether dismissal
23 │ of a <u>pro se</u> plaintiff's action is warranted: "(1) the public's interest in expeditious
24 │ resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
25 │ prejudice to the defendants; (4) the public policy favoring disposition of cases on
26 │ their merits, and (5) the availability of less drastic sanctions." <u>Id.</u> at 1440.

27 │     Here, Plaintiff has failed to file the SAC or request an extension of time to do
28 │ so despite advisements that failure to do so could lead to the dismissal of the action

1    for failure to prosecute. Plaintiff's conduct hinders the Court's ability to move this

2    case toward disposition and indicates that plaintiff does not intend to litigate this

3    action diligently. Thus, the first two factors weigh in favor of dismissal.

4         Next, a rebuttable presumption of prejudice to defendants arises when a

5    plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447,

6    1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted

7    here. Thus, the third factor also weighs in favor of dismissal.

8         It is a plaintiff's responsibility to move a case toward a disposition at a

9    reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan

10   Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to file the SAC or request

11   an extension of time to do so, Plaintiff has not discharged this responsibility. In these

12   circumstances, the public policy favoring resolution of disputes on the merits does not

13   outweigh Plaintiff's failure to file the SAC. Thus, the fourth factor weighs in favor

14   of dismissal.

15        Finally, the Court attempted to avoid dismissal by granting Plaintiff additional

16   time to file the SAC and by again advising her that the failure to do so could lead to

17   the dismissal of the action for failure to prosecute. Plaintiff has not filed the SAC,

18   has not requested an extension of time to do so, and has not otherwise communicated

19   with the Court. Thus, the fifth factor weighs in favor of dismissal.

20        Based on the foregoing, the Court concludes that dismissal without prejudice

21   of the First Amended Complaint is warranted due to Plaintiff's failure to prosecute.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3

## III.

## **ORDER**

IT IS THEREFORE ORDERED that the First Amended Complaint is hereby dismissed without prejudice for failure to prosecute.

DATED: July 22, 2008

Spencer Letts

HONORABLE J. SPENCER LETTS
Senior United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

4